# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**BURNELL LAFRANCE**     **CASE NO. 6:22-CV-01314**

**VERSUS**     **JUDGE ROBERT R. SUMMERHAYS**

**ST MARTIN TRUCK STOP & CASINO**     **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## REPORT AND RECOMMENDATION

Pursuant to this Court's obligation to determine whether federal court jurisdiction exists, the Court conducted a review of the record and finds subject matter jurisdiction lacking. Plaintiff, as the party invoking subject matter jurisdiction, has the burden of establishing the court's jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

The federal courts have original jurisdiction over claims in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §1332. Diversity is determined by consideration of each party's domicile.

Plaintiff, proceeding pro se, asserts that he is a citizen of Louisiana. (Rec. Doc. 1). Defendant, St. Martin Truck & Casino Plaza, LLC, asserts that it is a Louisiana limited liability company with all of its members being citizens and domiciliaries of Louisiana. (Rec. Doc. 11). Plaintiff has not shown otherwise. (See Rec. Doc. 1,

identifying Defendant as a Louisiana entity). Accordingly, the Court finds diversity lacking. Plaintiff's suit should be dismissed for lack of subject matter jurisdiction. Therefore,

The Court recommends that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 29th day of June, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE